BYRON M. JOHNSON AND F. FERNE JOHNSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 25289-81
United States Tax Court
T.C. Memo 1983-625; 1983 Tax Ct. Memo LEXIS 162; 47 T.C.M. (CCH) 11; T.C.M. (RIA) 83625; October 11, 1983. *162 Held: The provisions of the Tax Reform Act of 1976 retroactively increasing the minimum tax are not unconstitutional. United States v. Darusmont,449 U.S. 292 (1981). Byron M. Johnson, pro se. Robert Hallmark, for *163 the respondent. CHABOT
MEMORANDUM OPINION CHABOT, Judge: This proceeding is before us on respondent's oral motion for partial summary judgment as to respondent's determination that statutory amendments enacted on October 4, 1976, apply to a sale made on February 25, 1976, in determining the minimum tax on the gain from this sale. Respondent determined deficiencies in Federal individual income taxes against petitioners for 1976 and 1977 in the amounts of $2,067.26 and $220.11, respectively. When the petition in the instant case was filed, petitioners resided in Gering, Nebraska. On June 12, 1958, petitioner-wife acquired by inheritance from her father an undivided remainder interest in certain real property, subject to a life estate in her mother. On January 16, 1976, petitioner-wife acquired by inheritance from her mother an undivided interest in other real property. On February 25, 1976, the real property was sold. A brother of petitioner-wife served as personal representative of their father's estate and another brother of petitioner-wife served as personal representative of their mother's estate. These two personal representatives participated in *164 the February 25, 1976, sale and were the primary initiators of this sale. At the time of the February 25, 1976, sale, consideration was given to the then existing tax laws and petitioners understood that under the then existing tax laws no minimum tax would be imposed because of this sale. As reported by petitioners on their income tax return for 1976, the real property inherited from petitioner-wife's father resulted in $43,467.15 of long-term capital gain and the sale of the real property inherited from petitioner-wife's mother resulted in $303.62 of short-term capital loss. From the net capital gain of $43,163.53, petitioners deducted (under sec. 1202 [1]) $21,581.76. It is this $21,581.76 that constitutes the item of tax preference (sec. 57(a)(9)(A)) subject to the minimum tax (sec. 56) of $1,737.26. Respondent maintains that there is no genuine issue as to any material fact and that the legal and constitutional questions have been disposed of by the opinion of the Supreme Court in . *165 Petitioners' basic contention is that-- [t]he imposition of such a tax, when the use and enjoyment of the real estate has been denied and delayed, certainly is harsh and oppressive and under the facts would constitute a denial of due process, and constitute an exception to the application of United States v. Darusmont, 449 U.W. [sic] 292 (1981), and facts unique and not decided in such case. The Darusmont case sets a dangerous precedent. The case should have been in the nature of a class action with the thousands of similarly situated and affected tax payers joined. The internal revenue service of course had carefully documented and has itemized the many tax-payers that were similarly adversely affected, but nevertheless withheld such information from the court, congress and from other tax-payers. [Reproduced literally.] Petitioners further contend-- that the Respondent's imposition of a minimum tax on the Petitioner's of $1,737.26 was confiscatory, and that such should have been reduced by $1,827.00-the amount of the computed income tax for 1976. Further, that the retroactive effect of the tax was not understood or debated, but was inserted at the urging of the I. *166 R.S., Department of Treasury, without the advice or knowledge of the President or Congress, and the main thrust of the act and many of the sections were not retroactive. We agree with respondent. The short answer to these contentions is that the statute was enacted and its retroactive feature [2] was specifically upheld by the Supreme Court in Darusmont.
The Congress reexamined its 1976 handiwork and, in the Revenue Act of 1978, it made revisions. (See secs. 402 and 421 of the Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2763, 2867, 2871.) However, the Congress did not change the 1976 Act's retroactivity and did not make its 1978 Act changes retroactive to 1976. We have no authority to apply the 1978 Act amendments with retroactivity that the Congress chose not to apply. ; , affd. . Also, we see *167 no reason to believe that the Supreme Court is likely to hold that it erred in either its procedure or its opinion in Darusmont.We do not believe that the Supreme Court erred (see ), and we will not hold that any error was there made. Cf. , in which a three-judge district court concluded that the Supreme Court had so "impaired as an authority" the opinion in , that the district court no longer felt constrained to follow the latter opinion. In this instance, the district court was vindicated. . We will apply the law as the Congress wrote it. Petitioners' other contentions, such as those dealing with the statute of limitations, some form of estoppel, and charges of harassment, are to be dealt with to the extent appropriate in further proceedings in the instant case; they do not affect the subject matter of respondent's motion. We hold for respondent. An appropriate *168 order will be issued, granting respondent's motion for partial summary judgment.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the years to which respondent's motion relates (1976).↩
2. The changes giving rise to the minimum tax were enacted on October 4, 1976 (90 Stat. 1549), but applied "to items of tax preference for taxable years beginning after December 31, 1975" (90 Stat. 1553).↩